# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Respondent, | ) ) ) |
| vs. | ) No. 13 C 5038 |
| RICHARD GOODWIN, | ) ) ) |
| Defendant-Movant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In March 2003, a jury convicted Richard Goodwin of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The indictment also cited 18 U.S.C. § 924(e)(1), the "armed career criminal" sentence enhancement. Section 924(e)(1) provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

Without the armed career criminal statute, the maximum sentence for Goodwin's crime would have been ten years, and there would have been no mandatory minimum sentence. See 18 U.S.C. § 924(a)(2).

In February 2004, this Court sentenced Goodwin to 235 months in prison (about nineteen and a half years), after finding that Goodwin had prior convictions that qualified

him for the enhancement under section 924(e)(1). In June 2005, the Seventh Circuit affirmed Goodwin's conviction and directed a limited remand regarding his sentence. In March 2006, following this limited remand, the Seventh Circuit affirmed Goodwin's sentence.

In July 2013, Goodwin filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. Goodwin contends that the sentence—specifically the armed career criminal enhancement—violates his Fifth Amendment right to due process and Sixth Amendment right to trial by jury because it was based on a Court's finding by preponderance of evidence rather than a jury's finding beyond a reasonable doubt.

Goodwin relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in which the district court had imposed a seven-year mandatory minimum sentence on the defendant based on a finding by preponderance of evidence that he had brandished a firearm. This increased the mandatory minimum sentence by two years. In reversing, the Supreme Court held that "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Id.* at 2162. As a result, the Court ruled that the defendant's sentence violated the Sixth Amendment and remanded the case for resentencing pursuant to the jury's verdict. Goodwin argues that *Alleyne* should apply retroactively and that it requires vacating his sentence.

Goodwin would not be entitled to prevail, however, even if *Alleyne* were to apply retroactively. In *Alleyne*, the Supreme Court noted that it had "recognized a narrow exception to this general rule for the fact of a prior conviction" in *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), which the Court said it was "not revisit[ing]" in

2

*Alleyne*. *Alleyne*, 133 S. Ct. at 2160, n.1. In *Almendarez-Torres*, the Court rejected the argument that recidivism, "a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence," "must be treated as an element of . . . offense" and submitted to a jury before it can properly enhance a sentence. *Almendarez-Torres*, 523 U.S. at 243, 247.

The Seventh Circuit has repeatedly declined to instruct lower courts to vacate sentences increased as a result of judicial findings regarding prior convictions, concluding that *Almendarez-Torres* remains good law. See *United States v. Long*, 748 F.3d 322, 329 (7th Cir. 2014) (finding that "the enhanced mandatory minimum was properly applied even though the fact of the prior convictions was never submitted to the jury" because the court is bound by *Almendarez-Torres*); *United States v. Johnson*, 743 F.3d 1110, 1111 (7th Cir. 2014) ("Johnson contends that only a jury can determine whether a person's criminal history justifies an enhanced penalty, but the Supreme Court rejected that contention in *Almendarez–Torres*"); *United States v. Boyce*, 742 F.3d 792, 799 (7th Cir. 2014) (rejecting petitioner's argument that "his sentence under the Armed Career Criminal Act . . . was improper because a jury did not find the fact of his prior convictions beyond a reasonable doubt" because "*Alleyne* . . . did not change the rule announced in *Almendarez-Torres*").

In short, the Seventh Circuit has concluded that despite *Alleyne*, *Almendarez-Torres* remains good law. Thus *Alleyne* does not support Goodwin's motion for relief under section 2255. Under controlling law, Goodwin's sentence would not be infirm even were *Alleyne* applied retroactively to a case like Goodwin's that is on collateral review. Thus the Court need not address the retroactivity question.

3

**Conclusion**

For the foregoing reasons, the Court directs the Clerk to enter judgment denying Goodwin's motion under 28 U.S.C. § 2255.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 25, 2014